# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS A. HERRERA,<br><br>    Petitioner,<br><br>    v.<br><br>NEIL MCDOWELL, Warden,<br><br>    Respondent. | **Case No. SA CV 17-01925 R (RAO)**<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, and the Magistrate Judge's Report and Recommendation ("Report"). Further, the Court has made a *de novo* determination of those portions of the Report to which objections have been made. While the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge, one argument raised in Petitioner's Objections warrants discussion.

Petitioner asserts for the first time that he is entitled to equitable tolling because Spanish is his primary language, which limited his ability to navigate the requirements under AEDPA. Objections ("Obj."), Dkt. No. 24 at 2.

The Ninth Circuit has recognized that federal habeas petitioners who lack English language ability, and are denied access to legal materials in their native language and cannot procure the assistance of a translator during the running of the

AEDPA limitations period may be entitled to equitable tolling. *Mendoza v. Carey*, 449 F.3d 1065, 1071 (9th Cir. 2006). However, a petitioner seeking equitable tolling based on language barriers "must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source. *Id*. at 1070; *see also Diaz v. Kelly*, 514 F.3d 149, 154 (2d Cir. 2008) ("the diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language difficulty").

In the Objections, Petitioner states that he is a Mexican-born citizen whose primary language is Spanish. Obj. at 2. He is not proficient in the English language and does not have the ability to read, write, or proficiently understand English. *Id*. at 2-3. The prison's law library does not offer Spanish-language legal books, Spanish-speaking clerks or librarians, or a computer system offering statutes and case-law written in Spanish. *Id*. Petitioner was unable to retain the assistance of a post-conviction habeas attorney due to lack of funds. *Id*. at 3. Petitioner "came across" an incarcerated criminal law paralegal on August 21, 2017, who worked on Petitioner's federal habeas petition with him. *Id*. at 2, 4. The paralegal speaks only English. *Id*. at 3. After August 21, 2017, "Petitioner showed due diligence moving forward with his federal filing." *Id*. at 4.

The Court concludes that Petitioner has failed to allege facts sufficient to establish his diligence under *Mendoza* and is not entitled to an evidentiary hearing. Petitioner does not describe any efforts to secure legal materials in Spanish or to obtain translation help. *See Jesus v. Long*, No. ED CV 13-990 CJC (JCG), 2014 WL 117173, at *4 (C.D. Cal. Jan. 9, 2014) (rejecting equitable tolling and denying an evidentiary hearing because the "record is devoid of *any* concrete evidence of Petitioner's efforts to obtain adequate Spanish language legal materials or translation services during the limitations period" where petitioner asserted only that he was

turned down from legal assistance at the library and he was afraid to seek the assistance of other inmates) (emphasis in original). Other than alleging that language barriers slowed down the communication between Petitioner and the paralegal, Petitioner does not otherwise show that it was his language barrier that prevented the timely filing of this action. *Mendoza*, 449 F.3d at 1068-70. Further, as Respondent argues in its Response to the Objections, Petitioner does not even attempt to allege due diligence moving forward with his federal filing until August 21, 2017, which was approximately one month before the September 27, 2017 expiration of the limitations period. *See Garcia v. Yates*, 422 F. App'x 584, 585 (9h Cir. 2011) (concluding petitioner was not entitled to equitable tolling due to the absence of Spanish language materials in the prison law library because he had not shown that "throughout the period for which tolling is sought, he was diligently pursuing 'either legal materials in his own language or translation assistance from an inmate, library personnel, or other source.'") (citing *Mendoza*, 449 F.3d at 1070); *Diaz v. Campbell*, 411 F. App'x 975, 976 (9th Cir. 2011) (finding petitioner failed to sufficiently "'demonstrate that during the running of the AEDPA time limitations, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source' which could constitute grounds for equitable tolling.") (citing *Mendoza*, 449 F.3d at 1068-70).

Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS ORDERED that the Petition is denied and Judgment shall be entered dismissing this action.

DATED: September 3, 2019

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE